657 A.2d 946

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Thomas Eugene MILLER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1995.

Filed March 9, 1995.

John F. Siford, Asst. Public Defender, Hollidaysburg, for appellant.

John M. Daley, Asst. Dist. Atty., Pittsburgh, for Com.

Before ROWLEY, P.J., and McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Blair County following appellant's conviction for corruption of minors.[1]  Herein, appellant contends that:

I.  The trial court erred in denying appellant's motion for demurrer.

1.  18 Pa.C.S.A. § 6301(a).

II. The trial court erred in denying appellant's motion for entry of judgment of acquittal not withstanding the verdict based upon an inconsistent verdict not supported by sufficient evidence.

After careful review, we affirm.

Examination of the record reveals the following: In September 1993, Blair County authorities filed a criminal complaint charging appellant with one count of indecent assault and one count of corruption of minors. The complaint arose from appellant's alleged improper rubbing of the eight year old daughter of his girlfriend.

At appellant's jury trial, the victim testified that appellant would rub her about her chest and genital areas. Appellant engaged in these activities on a regular basis for approximately one year. The victim positively identified appellant as the person who fondled her.

The Commonwealth did not present any direct evidence of appellant's age. However, evidence was presented that appellant had two daughters from a previous marriage and that he was dating the victim's mother when these incidents occurred. The jury was also able to observe appellant throughout the trial. At the close of the Commonwealth's evidence, appellant demurred to the charges of indecent assault and corruption of minors based upon the fact that the Commonwealth had not produced sufficient evidence that appellant was over eighteen years of age. The court denied this request, stating that appellant's age could be established by circumstantial evidence.

The jury found appellant guilty of corruption of minors but not guilty of indecent assault. After the jury rendered this verdict, appellant moved for judgment of acquittal based upon the fact that the Commonwealth had not proved that appellant was over eighteen years of age at the time of the incidents. Appellant also moved for a judgment of acquittal because the jury had rendered inconsistent verdicts. The court took the inconsistent verdict motion under advisement and directed counsel for both sides to submit briefs on this issue. After

considering the briefs, the court denied appellant's motion for judgment of acquittal. Appellant was sentenced to a period of incarceration of five to twenty-three months. This timely appeal followed.

Appellant's first allegation of error is that the trial court erred in denying appellant's motion for a demurrer. We disagree.

In determining whether a ruling on a demurrer was proper, we must accept as true all the Commonwealth's evidence along with all the reasonable inferences therefrom and determine if the evidence and inferences were sufficient to support a finding by the jury that the defendant's guilt was established beyond a reasonable doubt. *Commonwealth v. Austin,* 428 Pa.Super. 466, 631 A.2d 625 (1993), *citing Commonwealth v. Turner,* 491 Pa. 620, 421 A.2d 1057 (1980).

A finding of guilt for corruption of minors requires the defendant to be at least eighteen years of age. 18 Pa.C.S.A. § 6301(a). A defendant's age need not be proved solely by direct testimony. *Commonwealth v. Jones,* 314 Pa.Super. 497, 461 A.2d 267 (1983). *Accord Commonwealth v. Nelson,* 320 Pa.Super. 488, 467 A.2d 638 (1983). The jury's opportunity to observe a defendant can provide evidence of his age. *Jones,* 461 A.2d at 268–69. The defendant's personal appearance does not have to be offered into evidence as an exhibit in order for the jury to consider such evidence. *Nelson, supra,* 467 A.2d at 640–41.

Here, the victim positively identified appellant at trial. The jury had the opportunity to observe appellant throughout the trial. Evidence was presented that appellant had a prior marriage and had two daughters from this marriage. The Commonwealth also presented evidence that appellant was dating the victim's mother at the time of the incidents. Our decisions in *Jones* and *Nelson* clearly establish, and appellant agrees in his brief, that age can be established by circumstantial evidence.

Appellant contends that our decision in *Commonwealth v. Walker,* 33 Pa.Super. 167 (1907), should control our disposition of this issue. In *Walker,* we reversed a conviction for statutory rape where defendant's age was only mentioned when the court instructed the jury that they could judge defendant's age by his appearance. *Id.,* 33 Pa.Super. at 168–69. The defendant did not testify, was never identified by any witnesses and no evidence was offered to establish his age. *Id.,* 33 Pa.Super. at 169. In reversing the conviction, we stated that there was no way of determining if the jury had observed the defendant. *Id.,* 33 Pa.Super. at 173. The same problem does not exist in this case as the victim clearly identified appellant at trial. Even though appellant did not testify, there was adequate circumstantial evidence from which the jury could infer that appellant was over eighteen years of age at the time of the events.

Appellant's final allegation of error is that the trial court erred by denying appellant's motion for entry of judgment of acquittal, notwithstanding the verdict, based upon an inconsistent verdict that is not supported by sufficient evidence. This claim is without merit.

The law on inconsistent verdicts was aptly summarized in our decision in *Commonwealth v. Swann,* 431 Pa.Super. 125, 635 A.2d 1103 (1994):

Consistency in verdicts in criminal cases is not necessary. *Commonwealth v. Strand,* 464 Pa. 544, 347 A.2d 675 (1975). This Court has stated, "When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon [the] acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." *Commonwealth v. Lloyd,* 376 Pa.Super. 188, 191, 545 A.2d 890, 892 (1988), *appeal denied,* 522 Pa. 602, 562 A.2d 825 (1989) (quoting *Commonwealth v. Shaffer,* 279 Pa.Super. 18, 420 A.2d 722 (1980) (citations omitted)) ... Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is evidence to support the verdict. *Commonwealth v. Boyles,* 407 Pa.Super. 343, 595

A.2d 1180 (1991), *appeal denied,* 531 Pa. 651, 613 A.2d 556 (1992).

The rationale for allowing inconsistent verdicts is that it is the jury's sole prerogative to decide on which counts to convict in order to provide a defendant with sufficient punishment. *Commonwealth v. Glendening,* 262 Pa.Super. 357, 396 A.2d 793 (1979). " '[A]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence.' " *Commonwealth v. Carter,* 444 Pa. 405, 408, 282 A.2d 375, 376 (1971).

■ Thus, inconsistent verdicts will stand so long as there is sufficient evidence. The test for sufficiency of the evidence is " 'whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.' " *Commonwealth v. Jones,* 431 Pa.Super. 475, 477–78, 636 A.2d 1184, 1185–86 (1994), *quoting Commonwealth v. Jackson,* 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1984).

■ A person is guilty of corruption of minors if they are eighteen years of age or older and "by any act corrupts or tends to corrupt the morals of any minor less than eighteen years of age ..." 18 Pa.C.S.A. § 6301(a).

We held in *Commonwealth v. Anderson,* 379 Pa.Super. 589, 550 A.2d 807 (1988), that a defendant's acquittal of indecent assault does not require that a conviction for corruption of minors be set aside on the basis that the verdicts were inconsistent. *Commonwealth v. Anderson,* 379 Pa.Super. 589, 550 A.2d 807 (1988). Our subsequent decision in *Commonwealth v. Bricker,* 397 Pa.Super. 457, 580 A.2d 388 (1990), reaffirmed our holding in *Anderson.* The main principle of these cases is that inconsistent verdicts by a jury will not be disturbed, provided that the Commonwealth produces sufficient evidence of the crime for which the defendant is convicted.

Here, the Commonwealth presented evidence that appellant improperly fondled the victim on a regular basis for approximately one year. Circumstantial evidence of appellant's age was produced as well. Thus, the Commonwealth presented sufficient evidence to sustain appellant's conviction for corruption of minor. The jury had the prerogative to convict appellant on the charge of corruption of minors while at the same time acquitting him on the charge of indecent assault.

Appellant contends that *Anderson* is distinguishable from the present case because the criminal complaint and information in this case was different from the information filed against the defendant in *Anderson.* A similar argument was rejected by this court in *Bricker, supra,* 397 Pa.Super. 457, 580 A.2d 388, where we upheld a conviction for corruption of minors even though the defendant had been acquitted of indecent assault. *Id.,* 397 Pa.Super. 462, 580 A.2d at 390. The defendant in *Bricker* contended that his conviction for corruption of minors should be set aside because the information and complaint in his case differed from the information in *Anderson. Id.,* 397 Pa.Super. 460, 580 A.2d at 389. We rejected this argument and stated that the crime of indecent assault requires the Commonwealth to prove lack of consent whereas consent is never required for a conviction for corruption of minors. *Id.* at 390. Moreover, we stated that it was not our province to determine why a jury returned a verdict of guilty on one count but not another. *Id.*

■■ Here, we are presented with the same situation. It is not our province to determine the reasons for the jury's actions. Simply because the jury rendered an acquittal on the charge of indecent assault and found appellant guilty of corruption of minors is not a basis for us to set aside appellant's conviction. The jury's acquittal on one charge cannot be seen as a specific finding in relation to any of the evidence produced. *Carter, supra,* 444 Pa. 405, 282 A.2d 375. Moreover, appellant's contention that the offenses involved proof of the same elements is without merit because, as we stated in both *Anderson* and *Bricker,* indecent assault has an element of consent. Corruption of minors does not have such a requirement. Accordingly, appellant's conviction for corruption of

minors must stand. *See also, Anderson, supra,* 397 Pa.Super. 457, 580 A.2d 388 (holding that "an acquittal on indecent assault cannot be interpreted to mean as a matter of law that there was insufficient evidence to establish that the underlying acts in fact occurred").

Judgment of sentence affirmed.