J-S44003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL GOMEZ | : | |
| | : | |
| Appellant | : | No. 1654 EDA 2017 |

Appeal from the Judgment of Sentence April 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002528-2016

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 27, 2018**

Angel Gomez appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was convicted by a jury of recklessly endangering another person (REAP).[1]  After careful review, we affirm.

On January 4, 2016, Lisa Coogan visited the home of Emilia Ramos (also known as Monique DeJesus), where she cohabitated with Angel Gomez. Coogan and Ramos smoked PCP throughout the day.  Later that night, Ramos told Coogan she was leaving Gomez, and Coogan began helping her pack to leave the house.  Gomez returned to the house around 9:00 P.M., and he and Ramos began speaking with one another downstairs while Coogan continued to pack in Ramos' room.  Around 2:00 A.M., Gomez entered Ramos' room and

_____

[1] 18 Pa.C.S. § 2705.

violently grabbed Coogan by the shoulder. Coogan fled downstairs where Ramos caught her by the hair and knocked her down with a metal wrench. Ramos continued attacking and biting Coogan while she was on the floor, and Gomez joined the assault and began kicking Coogan in the head with steel-toed boots. Gomez and Ramos also stole $150.00 from Coogan's purse. Coogan managed to escape the house and flagged down a bystander, who called the police. Medical professionals transported Coogan to Temple University Hospital, where she was treated for numerous injuries, including bleeding from her head.

Following trial, a jury convicted Gomez of REAP. The court sentenced Gomez to 9-23 months' imprisonment. Gomez timely appealed; both he and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Gomez presents the follow issue for our review: "Whether the evidence was insufficient to support the verdict of guilty on the charge of [REAP], where defendant did not have a duty to break up the fight between Monique DeJesus and Lisa Coogan and the jury acquitted defendant of [r]obbery, [c]onspiracy, theft and [s]imple [a]ssault." Brief of Appellant, at 4.

Our standard of review regarding challenges to sufficiency of evidence is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh

- 2 -

the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Roberts***, 133 A.3d 759, 767 (Pa. Super. 2016).

In order to preserve a sufficiency of evidence claim on appeal, the trial court may direct an appellant to submit a Rule 1925(b) concise statement of matters complained of on appeal. ***Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa. Super. 2008). The Rule 1925(b) statement "needs to specify the element or elements upon which the evidence was insufficient." ***Id.*** If the appellant fails to articulate the elements of his crime for which the evidence is allegedly insufficient, then that issue is waived. ***See id.***; ***see also Commonwealth v. Flores***, 921 A.2d 517, 522 (Pa. Super. 2007) (superseded by statute and overruled in part on other grounds) ("The 1925(b) statement language does not specify how the evidence failed to establish which element or elements of the three offenses for which Appellant was convicted.").

Gomez was convicted of REAP pursuant to 18 Pa.C.S. § 2705. Section 2705 provides, "A person commits a misdemeanor of the second degree if he

recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. Nowhere in Gomez's Rule 1925(b) statement does he specify any element of this crime insufficiently proven by the evidence; he instead claims he did not have a duty to intervene in Ramos and Coogan's fight. Therefore, his issue is waived.

Even had Gomez properly preserved his issue in his Rule 1925(b) statement, his claim is without merit. As the trial court noted, "the jury heard evidence that [Gomez] physically assaulted Ms. Coogan by kicking her in the face and head with steel-toed boots." Trial Court Opinion, 10/1/2017, at 8. Viewed in the light most favorable to the Commonwealth, this evidence is more than enough to sustain a REAP charge. *See, e.g., Commonwealth v. Brunson*, 938 A.2d 1057, 1060-61 (Pa. Super. 2007) (sustaining REAP conviction where appellant repeatedly punched victim in face and threw full bottle of soda at him).

Gomez's issue of an inconsistent verdict is also meritless. In Pennsylvania, "inconsistent verdicts are not a basis for reversal." *Commonwealth v. Larsen*, 682 A.2d 783, 789 n.9 (Pa. Super. 1996). "When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon [the] acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." *Commonwealth v. Miller*, 657 A.2d 946, 948 (Pa. Super 1995). As long as there is sufficient evidence to support the guilty verdict, we will not disturb the jury's decision. *Id.*

As we discussed above, and as the trial court concluded, the Commonwealth presented sufficient evidence to sustain Gomez's REAP conviction. He is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/18