J-S43028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :                 PENNSYLVANIA
                                :
         v.                      :
                                :
                                :
CURTIS WILFORD ROCHESTER    :
                                :
         Appellant         :    No. 1146 EDA 2025

Appeal from the Judgment of Sentence Entered March 27, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002124-2023

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED MARCH 2, 2026**

Curtis Wilford Rochester appeals from the judgment of sentence entered following his convictions for simple assault (mutual combat), recklessly endangering another person ("REAP"), and harassment.[1] He challenges the sufficiency of the evidence. We affirm.

The Commonwealth charged Rochester with the above-referenced offenses for his assault of his then-girlfriend. He was also charged with aggravated assault. Rochester proceeded with a jury trial. The trial court summarized the factual history of this case as follows:

> This is a case where [Rochester] and the victim were romantically involved and on April 21, 2023 an argument led to [Rochester] punching the victim's face repeatedly with his fist causing extensive swelling and bruising. [Rochester] beat the much smaller victim knowing she had a heart condition and was taking blood thinners but

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 2705, and 2709(a)(1), respectively.

[Rochester] did not take the victim to get medical treatment, instead participating in attempts to conceal the victim's injuries with makeup.

Pa.R.A.P. 1925(a) Opinion, filed 8/5/25, at 1.

The jury returned guilty verdicts for simple assault and REAP but found Rochester not guilty of aggravated assault. The court then found Rochester guilty of the summary offense of harassment. The court sentenced Rochester to nine to 23 months' incarceration, followed by one year of reporting probation. Rochester filed a motion for a new trial, which the trial court denied. This timely appeal followed.

Rochester presents the following claim:

Did the lower court abuse its discretion when it denied [Rochester's] Motion for Judgment of Acquittal/Motion-Challenge to the Sufficiency of the Evidence: to wit, was the evidence legally and factually sufficient to prove the crime of [REAP] when they found [Rochester] not guilty of Aggravated Assault but guilty of Simple Assault-mutual combat.

Rochester's Br. at 8.[2]

Rochester claims that the Commonwealth presented insufficient evidence to sustain his REAP conviction. He maintains that the acquittal for aggravated assault shows that the jury "concluded that [Rochester] did not attempt to cause serious bodily injury or caused such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." *Id.* at 16. He points out that, on the other hand,

_____

[2] Rochester also raised a weight claim but states that he "withdraws this challenge." Rochester's Br. at 8.

- 2 -

the jury convicted him of simple assault (mutual combat), which requires proof that he attempted to cause or intentionally, knowingly or recklessly caused bodily injury. He infers from these verdicts that the jury did not find that he "recklessly caus[ed] injury under circumstances manifesting extreme indifference to the value of human life," which, in his view, is the *mens rea* for REAP. **Id.** He thus maintains that the jury concluded that his actions did not amount to the behavior required for REAP. **See id.** at 21.

He further argues that the evidence did not support a finding that his conduct created a substantial risk of death or serious bodily injury. He points out that "those who knew the victim and observed the victim did not feel it necessary to summon medical assistance." **Id.** at 20. He references the testimony of some witnesses, including the victim herself, stating that they had not requested medical assistance for the victim. **See id.** at 17-20. He cites **Commonwealth v. Hopkins**, 747 A.2d 910 (Pa.Super. 2000), asserting that in that case, this Court held that the Commonwealth must prove that the defendant's conduct created an actual risk rather than a hypothetical danger. **Id.** at 14.

When performing sufficiency review, we determine "whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there [was] sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Enix**, 192 A.3d 78, 81 (Pa.Super. 2018) (citation omitted). The Commonwealth may

sustain its burden "by means of wholly circumstantial evidence." **Id.** (citation omitted).

Rochester arguably waived his arguments because the trial transcripts are not in the certified record. **See** Pa.R.A.P. 1921, note ("An appellate court may consider only the facts which have been duly certified in the record on appeal"). However, Rochester has included a copy of them in the reproduced record, and the Commonwealth does not dispute the accuracy of the copy in the reproduced record. In such a case, we may consider the copy in the reproduced record. **Commonwealth v. Brown**, 52 A.3d 1139, 1145 n.4 (Pa. 2012). We exercise our discretion to do so here and conduct review based on the copy in the reproduced record.

Rochester's arguments lack merit. A person is guilty of simple assault if the person "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). Attempt requires the Commonwealth to prove specific intent. **See** 18 Pa.C.S.A. § 901(a).

Aggravated assault occurs when a person "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. The *mens rea* of

aggravated assault is malice. ***Commonwealth v. Packer***, 168 A.3d 161, 168 (Pa. 2017).

The crime of REAP occurs when a person "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. It "requires the creation of danger, so the Commonwealth must prove the existence of an actual present ability to inflict harm to another." ***Commonwealth v. Shaw***, 203 A.3d 281, 284 (Pa.Super. 2019). The *mens rea* for REAP is recklessness. ***Commonwealth v. Reynolds***, 835 A.2d 720, 727 (Pa.Super. 2003).

REAP and aggravated assault require proof of different mental states. REAP's *mens rea* is recklessness, which entails a conscious disregard of a substantial and unjustifiable risk:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3).

Aggravated assault requires malice. Malice is "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social, although a particular person may not be intended to be injured." ***Commonwealth v. Kling***, 731 A.2d 145, 147-48 (Pa.Super. 1999) (citation omitted). A showing of recklessness is not enough to prove malice:

> Where malice is based on a reckless disregard of consequences, it is not sufficient to show mere recklessness; rather, it must be shown the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily injury. A defendant must display a conscious disregard for almost certain death or injury such that it is tantamount to an actual desire to injure or kill; at the very least, the conduct must be such that one could reasonably anticipate death or serious bodily injury would likely and logically result.

*Id.* at 148 (citations omitted).

Rochester's argument thus fails on its own terms. Whatever the jury may have found regarding Rochester's mental state when it acquitted him of aggravated assault did not preclude it from convicting him of REAP.

Moreover, the acquittal for aggravated assault is not a basis on which to invalidate the REAP conviction. Rochester essentially relies on the inconsistency in the verdicts. However, "[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence." *Commonwealth v. Moore*, 103 A.3d 1240, 1250 (Pa. 2014) (citation omitted, alteration in original).

"Consistency in verdicts in criminal cases is not necessary." *Commonwealth v. Miller*, 657 A.2d 946, 948 (Pa.Super. 1995) (citation omitted). This Court has stated that "[t]he rationale for allowing inconsistent verdicts is that it is the jury's sole prerogative to decide on which counts to convict in order to provide a defendant with sufficient punishment." *Id.* (citation omitted). Therefore, where there is evidence to support the verdict, we "will not disturb guilty verdicts on the basis of apparent inconsistencies[.]" *Id.* (citation omitted). Here, the evidence supports the verdict.

Viewing the evidence in the light most favorable to the Commonwealth, the evidence sufficiently established that Rochester recklessly engaged in conduct that placed the victim in danger of serious bodily injury. The victim testified that Rochester punched her repeatedly in the face, with her head hitting the hardwood floor repeatedly. *See* N.T., Trial, 11/7/24, at 43-47. The beating resulted in the victim's face being swollen and caused bruises to her eyes, lip, and cheek. *See* N.T., Trial, 11/6/24, at 29; N.T., 11/7/24, at 64. Rochester knew that the victim had had a heart transplant and was on blood thinners, as he told the responding officer as much. N.T., 11/6/24, at 25-26. The extent of her injuries also demonstrates that Rochester had the actual present ability to inflict harm on the victim. Furthermore, Rochester's reference to *Hopkins* is misplaced. Rochester's conduct created an actual risk for the victim, not a hypothetical danger, especially considering her heart condition. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/2/2026