J-S03009-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIJAH JORDAN BAXTER | : | |
| | : | |
| Appellant | : | No. 820 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 12, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003940-2023

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: MARCH 3, 2026**

Appellant, Elijah Jordan Baxter, appeals from the December 12, 2024 judgment of sentence entered in the York County Court of Common Pleas following his conviction by a jury of Possession with Intent to Deliver ("PWID") and related offenses.  Appellant challenges the sufficiency and weight of the evidence supporting his convictions.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On September 29, 2022, Officer William Bernath observed a 2022 Cadillac with illegal blackout tint.  After running the tag, he learned that the vehicle was a rental vehicle.  Officer Bernath activated his lights and sirens and initiated a traffic stop.  Before approaching, he smelled the odor of burnt marijuana and saw smoke billowing out of the passenger side window.

Officer Bernath approached the passenger side of the vehicle and Appellant rolled the window down a few inches.  Officer Bernath observed

multiple air fresheners, a box of clear sandwich bags near the front passenger's feet, and a tied black bag near the front passenger's feet. Appellant was sitting in the front passenger seat; co-defendant Monaya Bowie was in the driver's seat; Dorian Eady was in the rear passenger seat; and Bowie's then 11-year-old sister ("Juvenile") was in the seat behind the driver. Bowie told Officer Bernath that the vehicle was a rental, and Appellant handed rental documents to the officer.

Officer Bernath asked Bowie how much marijuana was in the vehicle, and Bowie advised Officer Bernath that there was an eighth of an ounce of medical marijuana inside the vehicle. Officer Bernath requested that Appellant exit the vehicle and conducted a pat-down search, finding a "large [] fist-size wad of cash" in Appellant's front pocket. N.T. Trial, 9/10/24, at 111. Appellant presented a medical marijuana card and a medical marijuana container with loose green plant substance inside. Officer Bernath then removed Eady from the vehicle and patted him down, discovering a blunt wrapper and two large fist-side wads of cash in his front pockets.

Officer Bernath then advised Juvenile that she would also have to exit the vehicle as the vehicle would be towed. When Juvenile exited with a backpack, the officer told Juvenile that the backpack had to stay with the vehicle. Bowie then took the backpack from Juvenile and became confrontational with the officer, arguing that Juvenile could not leave it behind because Juvenile needed it for school.

The police subsequently towed the vehicle and obtained a search warrant. Upon execution of the warrant, the police recovered: a McDonald's cup in the center console's cupholder with a burnt marijuana "roach" inside, a vape pen issued to Appellant, a blender with white powder residue, a box of plastic sandwich bags from the front passenger floor, and a tied black bag containing a clear plastic bag of marijuana from the front passenger floor. In the backpack, the police found a digital scale with white residue, blunt wrappers, marijuana, methamphetamine, cocaine, and fentanyl.

The Commonwealth charged Appellant with four counts of PWID a Controlled Substance (Cocaine, Methamphetamine, Fentanyl, and Marijuana), four counts of Possession of a Controlled Substance (Cocaine, Methamphetamine, Fentanyl, and Marijuana), and one count each of Possession of Drug Paraphernalia, Corruption of Minors, and Conspiracy to Commit PWID a Controlled Substance.[1]

On September 9, 2024, Appellant proceeded to a jury trial. The Commonwealth presented testimony from Officer Bernath, Juvenile, and Detective Noel Velez, an expert in drug trafficking. The Commonwealth also admitted into evidence, *inter alia*, video from Officer Bernath's body-worn camera and audio of calls made by Appellant from prison. Detective Velez testified that the incident appeared consistent with a drug trafficking operation. She testified that the blender, sandwich bags, and scale were used

---

[1] 35 P.S. §§ 780-113(a)(30), (16), (32), and 18 Pa.C.S. §§ 6301(a)(1)(i), 903(a)(1), respectively.

- 3 -

to prepare and package drugs for sale and the large amount of drugs indicated intent to deliver. She further highlighted that the fist-size wads of U.S. currency carried by Appellant and Eady were consistent with drug sale proceeds.

At the conclusion of trial, the jury found Appellant guilty of all charges except PWID Marijuana. On December 12, 2024, the court sentenced Appellant to an aggregate term of 6 to 12 years of incarceration. On December 23, 2024, Appellant filed a post-sentence motion claiming the verdict was against the weight of the evidence, which the court denied on May 30, 2025.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Was the evidence presented by the Commonwealth insufficient to support a conviction of [PWID] Cocaine, Methamphetamine, and Fentanyl; Possession of Drug Paraphernalia, Cocaine, Methamphetamine, Marijuana, and Fentanyl; and Conspiracy to Commit [PWID] a Controlled Substance because there was no evidence that [Appellant] possessed the drugs and paraphernalia in question where the Commonwealth failed to show that [Appellant] had knowledge of the bag's existence or its contents or that he had both the intent and power to control the bag and its contents[?]

2. Was the evidence presented by the Commonwealth insufficient to support a conviction for Corruption of Minors because there was no evidence that [Appellant] possessed the drugs and paraphernalia so the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] involved a minor in drug trafficking, which was the conduct charged as the act tending

to corrupt the morals of a minor, and because there was no evidence of [Appellant's] age?

3. Was the weight of the evidence against all convictions because the evidence regarding possession of the drugs and paraphernalia was so tenuous, vague, and uncertain that the verdicts should shock one's sense of justice?

Appellant's Br. at 4-5.

Appellant's first two issues challenge the sufficiency of the evidence supporting his convictions. We review claims regarding the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014) (citation omitted). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—"is free to believe all, part[,] or none of the evidence." *Id.* at 40 (citation omitted). "Because evidentiary sufficiency is a matter of law, our standard of review is *de novo*[,] and our scope of review is plenary." *Commonwealth v. Brooker*, 103 A.3d 325, 330 (Pa. Super. 2014) (citation omitted).

In his first issue, Appellant asserts that there was insufficient evidence to support the possessory element of his drug convictions.[2] Appellant's Br. at 13-19. He asserts that the Commonwealth did not demonstrate that Appellant

_____

[2] Appellant specifically identifies his PWID, Possession, Possession of Drug Paraphernalia, and Conspiracy to Commit PWID charges.

- 5 -

"had knowledge of the [backpack's] existence or its contents or that he had both the intent and power to control the bag and its contents." *Id.* at 15. Appellant specifically asserts that the Commonwealth presented no testimony that he had physical possession of either the tied black bag or the backpack, no documents connecting Appellant to the backpack, and no testimony that anything found in either bag indicated a connection to Appellant. *Id.* at 17. He concludes that the Commonwealth, thus, "failed to show anything other than proximity to the contraband[,]" which is insufficient, standing alone, to support a finding of constructive possession. *Id.* at 18.

A jury may find that a defendant actually possessed contraband or did so constructively. *Commonwealth v. Parrish*, 191 A.3d 31, 36 (Pa. Super. 2018). "Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction." *Id.* (citing *Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013)). "Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement." *Parrish*, 191 A.3d at 36 (citation omitted). "We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control." *Id.* (citation and quotation marks omitted).

"To find constructive possession, the power and intent to control the contraband does not need to be exclusive to the defendant." *Commonwealth v. Vargas*, 108 A.3d 858, 868 (Pa. Super. 2014) (*en banc*).

- 6 -

Our Supreme Court "has recognized that constructive possession may be found in one or more actors where the item [at] issue is in an area of joint control and equal access." *Commonwealth v. Johnson*, 26 A.3d 1078, 1094 (Pa. 2011) (internal quotation marks, citations, and corrections omitted). "[A]s with any other element of a crime, constructive possession may be proven by circumstantial evidence." *Parrish*, 191 A.3d at 36-37 (citation omitted).

"For the Commonwealth to prove constructive possession where more than one person has access to the contraband, the Commonwealth must introduce evidence demonstrating either the defendant's participation in the drug related activity or evidence connecting the defendant to the specific room or areas where the drugs were kept." *Vargas*, 108 A.3d at 868 (internal quotation marks, citation, and correction omitted). "[A]lthough 'mere presence' at a crime scene cannot alone sustain a conviction for possession of contraband[,] a jury need not ignore presence, proximity and association when presented in conjunction with other evidence of guilt." *Id.* (citations omitted). "Indeed, presence at the scene where drugs are being processed and packaged is a material and probative factor which the jury may consider. Drug dealers of any size and illegal drug manufacturers probably are reticent about allowing the unknowing to take view of or assist in the operation." *Id.* (citations and correction omitted).

Here, the Commonwealth introduced testimony from Detective Velez that the evidence recovered from the vehicle was consistent with a drug

packaging and distribution operation. *See* N.T. Trial, 9/10/24, at 208-37. A box of clear, unused sandwich bags, which Detective Velez testified was used to package drugs, and a black tied bag containing marijuana were located on the floorboard of the front passenger compartment where Appellant was sitting, in Appellant's plain view. Further, Appellant was carrying a fist-size wad of loose cash in his pocket, which Detective Velez identified as consistent with the proceeds of drug sales. *Id.* at 226-27. Appellant's presence in the vehicle where drugs were processed and packaged, as well as the contraband in Appellant's immediate reach and plain view, were indicative of Appellant's involvement in the drug trafficking operation and, correspondently, his constructive possession of the illegal drugs and paraphernalia found in the vehicle.

In sum, viewing all the evidence in the light most favorable to the Commonwealth as the verdict-winner, we conclude that it was reasonable for the jury to infer that Appellant exercised dominion and control over the contraband at issue. Appellant's claim that the Commonwealth failed to prove he had possession—actual or constructive—thus, fails.

In his second issue, Appellant argues that there was insufficient evidence to sustain his conviction of Corruption of Minors because "there was

no testimony or evidence offered regarding [Appellant's] age." Appellant's Br. at 20.[3]

"A finding of guilt for corruption of minors requires the defendant to be at least eighteen years of age." ***Commonwealth v. Miller***, 657 A.2d 946, 947 (Pa. Super. 1995) (citing 18 Pa.C.S. § 6301(a)). "A defendant's age need not be proved solely by direct testimony" and may "be established by circumstantial evidence. ***Id.*** at 947-48. "The jury's opportunity to observe a defendant can provide evidence of his age." ***Id.*** at 947. "The defendant's personal appearance does not have to be offered into evidence as an exhibit in order for the jury to consider such evidence." ***Id.***

Here, testimony at trial established that there were four people in the vehicle, only one of whom was a juvenile. N.T. Trial, 9/10/24, at 114-115, 181. That juvenile testified in court. ***Id.*** at 181-200. Further, the jury viewed Appellant in court and on video from Officer Bernath's body-worn camera. Given that the jury was able to observe Appellant, both in court and from the body camera video, the evidence was sufficient for the jury to conclude that Appellant was over the age of 18. We, therefore, find that the evidence was sufficient to support Appellant's conviction of Corruption of Minors.

_____

[3] Appellant also argues that the evidence was insufficient because the Commonwealth failed to prove constructive possession of the contraband, the underlying conduct charged as the act tending to corrupt the morals of the minor. ***Id.*** As we find, *supra*, that the Commonwealth presented sufficient evidence of his constructive possession of the contraband, we need not address this argument.

In his third issue, Appellant argues that the verdict was contrary to the weight of the evidence because the Commonwealth failed to present sufficient evidence that Appellant constructively possessed the backpack. Appellant's Br. at 22-27. We remind Appellant that sufficiency and weight claims are clearly distinct. **See Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000) (discussing the distinctions between a claim challenging sufficiency of the evidence and a claim that the verdict is against weight of the evidence). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." **Commonwealth v. Charlton**, 902 A.2d 554, 561 (Pa. Super. 2006) (citation omitted). While Appellant characterizes his third claim as a challenge to the weight of the evidence, Appellant merely repeats his argument that the evidence was insufficient to support his convictions because the Commonwealth failed to prove his constructive possession of the contraband. **See** Appellant's Br. at 22-27. As Appellant has failed to present a proper weight of the evidence claim on appeal, we find this issue waived.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/03/2026