J-S07002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW MICHAEL MILLER | : | |
| | : | |
| Appellant | : | No. 1244 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 28, 2023
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000499-2021

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:         **FILED: MAY 31, 2024**

Matthew Michael Miller appeals from the judgment of sentence,[1] entered

in the Court of Common Pleas of Northumberland County, after a jury

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Miller's notice of appeal erroneously states that the appeal is from the May 17, 2023 guilty verdict and August 28, 2023 judgment of sentence rather than solely from the August 28, 2023 judgment of sentence.  "[I]n criminal cases appeals lie from judgment of sentence rather than from the verdict of guilt." **Commonwealth v. O'Neill**, 578 A.2d 1334, 1335 (Pa. Super. 1990); **see also Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc) (citation omitted) (correcting caption when appellant misstates from where appeal lies).  We have corrected the caption accordingly.

convicted him of corruption of minors,[2] indecent exposure,[3] and indecent assault.[4] After our review, we affirm.

The trial court summarized the facts of this case as follows:

> The victim, P.E., testified that[,] in 2021[,] she was thirteen years old and lived in Sunbury [] with her mom, stepdad[,] and her sister. On January 11, 2021, P.E. was home alone when [Miller,] her uncle[,] came to the house. After seeing [Miller], [P.E.] went upstairs to her bedroom. P.E. testified that she was wearing a pair of shorts and a sports bra. She was on a large bean bag under covers when [Miller] came into her room and sat down next to her. [Miller] got up[,] left the room[,] and came back a short time later. At that point[, Miller] gave [P.E.] a pill and then laid down next to P.E. under the covers. [Miller] began touching [P.E.] on her side and her thigh. [Miller] then took [P.E.'s] hand and placed i[t] on him. [Miller] the[n] asked [P.E.] if she had ever given a blow job and if she had ever seen a ["]real one.["] [Miller] then lifted his pants and showed her his penis. [Miller] then proceeded to stick his hand down [P.E.'s] pants. After P.E. repeatedly told [Miller] "no[,]" he left her room. P.E. then proceeded to call her aunt and her mother and told them what happened.
>
> [] P.E.'s mother [] testified that when she came home[,] she found [Miller] hiding in the attic. She testified she then told [Miller] to leave the house. [] Officer Aaron Doyle [] testified to the fact that he was present during P.E.'s forensic interview but was in a separate room. The Commonwealth concluded its case by presenting [a] redacted [version of P.E.'s] forensic interview.

Trial Court Opinion, 10/10/23, at 4-5 (unpaginated).

On May 17, 2023, a jury convicted Miller of the above-mentioned offenses. On August 28, 2023, the trial court imposed an aggregate sentence

---

[2] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[3] *Id.* at § 3127(a).

[4] *Id.* at § 3126(a)(8).

of four to nine years' incarceration, with credit for time served. Miller filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Miller raises the following questions for our review:

> 1. Did the trial court err by denying defense counsel's request to show the jury the entirety of [P.E.'s forensic] interview, after the Commonwealth had created a misleading impression that [P.E.'s] testimony was extraordinarily credible by playing three [] one[-]minute clips of that interview[,] which bolstered [P.E.'s] unimpeached testimony?
>
> 2. Are Miller's convictions of corruption of minors[] and indecent assault[] supported by sufficient evidence when the Commonwealth offered no evidence as to Miller's age at the time of the alleged offense[s]?

Brief of Appellant, at 9 (unnecessary capitalization omitted).

Miller first alleges that the trial court erred by denying his request to show the jury P.E.'s entire forensic interview. At trial, the Commonwealth introduced three one-minute clips from the interview. Miller requested that the entire interview be shown to the jury, a request the court denied. By refusing to show the jury the full video,[5] Miller claims that the court "enabled the Commonwealth to present video clips that were misleading; prevented he jury from learning of [P.E.'s] motive to lie; and withheld from the jury that [P.E.] had been previously sexually abused by her stepfather, a fact which explained her knowledge of sexual acts." *Id.* at 19. Miller further argues that the video clips "served no other purpose than to bolster [P.E.'s] credibility by

---

[5] The total running time of the video was 29 minutes and 2 seconds.

purportedly demonstrating that [her] trial testimony was consistent with the statements that she had made [during] her [forensic] interview." ***Id.*** at 24. Miller claims that such bolstering impinges on the province of the jury to assess credibility and is inherently misleading. ***Id.*** at 24-25. As such, Miller asserts that the trial court should have allowed the jury to see the full video to "'correct [the] misleading impression' that [P.E.'s] testimony was extraordinarily credible." ***Id.*** at 25, citing Pa.R.E. 106 (providing that when party introduces "all or part of a [] recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time"). Miller argues:

> For example, [P.E.] testified that [she] had been lying on a bean bag with Miller. In the video, [P.E.] asserted that she had been lying with her head on Miller's stomach at the time of the assault. Additionally, and crucially, [P.E.] testified at [t]rial that Miller had placed his hands inside her pants and placed his hand on her lower abdomen. In contrast, in the video, [P.E.] told the forensic interviewer that Miller's hands had not been placed under her clothes. While this inconsistency alone would be sufficient to justify showing the [entire forensic] interview to the jury, the video also revealed that [P.E.'s] credibility was assailable with regard to her motive to lie.
>
> . . .
>
> Specifically, the interview included mention of a monetary dispute between Miller and [P.E.] Such a dispute would have tended to show that [P.E.] possessed a motive to fabricate her allegations against Miller.
>
> Additionally, the record implies that the [forensic] interview mentioned a possible sexual assault upon [P.E.] by her stepfather. This fact would enable the jury to contextualize [P.E.'s] knowledge of sexual acts and terms (e.g. "blow job")[,] whereas the jury may [otherwise have] assume[d] that such sexual knowledge was born of an assault by Miller.

*Id.* at 27-29 (citations omitted).

Miller notes that, during deliberations, the jury asked if forensic testing had shown that P.E. had, in fact, been given a pill on the date in question. Miller argues that "[i]t would seem that the jury, thus, desired forensic corroboration to determine if [P.E.] was credible. If the jury had heard other evidence affecting [P.E.'s] credibility, it is not implausible that its verdict would have been different." *Id.* at 29.

Finally, Miller argues that the timing of the Commonwealth's admission of the video clips during its case in chief "restricted the means by which the defense could challenge the misleading video clips." *Id.* at 31. Miller argues that "the only method by which [he] could bring forth the inconsistencies and possible bias revealed by the remainder of the video was by testifying as to his assessment of [P.E.'s] consistency." *Id.* at 32. As a result, he claims he was essentially forced to testify, by which time "the [j]ury had already been influenced [by] the misleading impression" caused by the clips. *Id.* at 33.

In response, the Commonwealth argues that, prior to trial, the parties stipulated to the admission of the forensic interview video and the defense was aware that the Commonwealth did not intend to show the entire video, in part because "there were statements in the video that would have been prejudicial to [Miller] and [were] not relevant to the trial." Brief of Appellee, at 6 (unpaginated). Additionally, the Commonwealth asserts that, at sidebar, defense counsel did not specifically state that the video should be shown to correct a misleading impression, but, rather, merely stated that Miller wanted

the whole video to be shown. Similarly, Miller did not raise the claims regarding redundancy, inconsistent statements, or misleading impressions in his Rule 1925(b) statement. As such, the Commonwealth argues that his claims are waived.

Finally, the Commonwealth argues that Miller was not prejudiced by the fact that the jury did not view the forensic interview in its entirety. Indeed, "had the whole video been shown[,] then prejudicial [] and irrelevant evidence would have been shown to the jury[,] which would have been very prejudicial to [Miller]." *Id.* at 7 (unpaginated). The Commonwealth asserts that defense counsel had a reasonable strategy when he stipulated to the playing of only certain portions of the video.

"It is well-established that the admissibility of evidence is within the discretion of the trial court, and such rulings will not form the basis for appellate relief absent an abuse of discretion." *Commonwealth v. Hoover*, 107 A.3d 723, 729 (Pa. 2014) (citation omitted). "When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused." *Commonwealth v. Eichinger*, 915 A.2d 1122, 1140 (Pa. 2007) (citation omitted). An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. *Id.* A determination that a trial court abused its

discretion in making an evidentiary ruling "may not be made merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Hoover**, 107 A.3d at 729 (citation and internal quotation marks omitted).

We are constrained to agree with the Commonwealth and the trial court that Miller has waived his claims regarding the forensic interview video. First, prior to trial, defense counsel stipulated to the admission of the edited version of the video. It was only just before the Commonwealth attempted to play the video that Miller asked defense counsel to object and request that the entire video be played. At that point, the following discussion occurred at sidebar:

> [DEFENSE COUNSEL]: So[,] my client is requesting that I object to this because he wants the whole thing played. However, my position is **it's just a reiteration of what [P.E.] already testified to**. . . .
>
> THE COURT: The other part that I may be understanding is something about missing money[.]
>
> [ASSISTANT DISTRICT ATTORNEY]: Yeah. And I don't want them to hear that because it reflects badly on him.
>
> [DEFENSE COUNSEL]: Right. Right. Right. So[,] it's not asked that—
>
> [ASSISTANT DISTRICT ATTORNEY]: And you also stipulated to the fact that we could bring this in.
>
> [DEFENSE COUNSEL]: Right.
>
> [ASSISTANT DISTRICT ATTORNEY]: I'm just trying to protect his rights.

[DEFENSE COUNSEL]: So[,] I just have to ask because he asked me to, so I'm—

THE COURT: Your objection's overruled.

[DEFENSE COUNSEL]: Thank you.

N.T. Trial, 5/17/23, at 49-50 (emphasis added).

As the foregoing makes clear, defense counsel's objection at trial was that the forensic interview video was "just a reiteration" of what P.E. had already testified to. However, for the first time on appeal, Miller now argues that the video "created a misleading impression that [P.E.] was extraordinarily credible," Brief of Appellant, at 21 (emphasis omitted), contained evidence of motive to fabricate, *see id.* at 28, and "mentioned a possible sexual assault upon [P.E.] by her stepfather" which would have enabled the jury to "contextualize [P.E.'s] knowledge of sexual acts[.[6]]" *Id.* at 28.

"It is well[-]established that trial judges must be given an opportunity to correct errors at the time they are made." *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008). As such, a challenge to the admission of evidence is waived if not preserved by contemporaneous objection. *See Commonwealth v. Bruce*, 916 A.2d 657, 671 (Pa. Super. 2007). The appellant is confined to the specific objections he made at trial and may not object on a different basis post-trial. *See Commonwealth v. Bedford*, 50 A.3d 707, 713–14 (Pa. Super. 2012) (en banc). Because the basis for Miller's

---

[6] We note that the forensic interview video contains no reference to any previous sexual assault of P.E. by her stepfather or anyone else.

appellate challenge to the admission of the forensic interview is different than that asserted at trial, he has waived his claim on appeal.

Moreover, the video evidence contained in the certified record consists solely of the full, unedited forensic interview. Miller does not specify in his brief which portions of the video the Commonwealth chose to play at trial. An issue may be waived on appeal where the appellant fails to direct this Court's attention to that part of the record substantiating his claim. ***Commonwealth v. Fransen***, 42 A.3d 1100, 1119 (Pa. Super. 2012) (en banc). ***See also*** Pa.R.A.P. 2119(c) (if reference is made to pleadings, evidence, etc., argument must set forth reference to place in record where matter referenced appears). Because we have no means by which to assess whether the clips shown to the jury by the Commonwealth presented a misleading impression to the jury, Miller has also waived his claim on this basis.

Miller's final claim alleges that his convictions were not supported by sufficient evidence where the Commonwealth offered no proof as to Miller's age at the time of the offenses. Miller argues that, although a jury may be allowed to infer a defendant's age based on other evidence, here, there was "scant evidence from which a jury could infer, beyond a reasonable doubt, that Miller was at least seventeen or eighteen years old." Brief of Appellant, at 36. He is entitled to no relief.

In reviewing the sufficiency of the evidence,

> we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient

to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Williams***, 176 A.3d 298, 305-06 (Pa. Super. 2017) (citations omitted).

Here, Miller challenges his convictions for corruption of minors and indecent assault. Pursuant to section 6301(a)(1)(ii), "[w]hoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age . . . commits a felony of the third degree." 18 Pa.C.S.A. § 6301(a)(1)(ii). Under section 3126(a)(8),

A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine[,] or feces for the purpose of arousing sexual desire in the person or the complainant and . . . the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

***Id.*** at § 3126(a)(8). Thus, in order to sustain Miller's conviction for corruption of minors, the evidence must demonstrate that he was 18 years of age or older at the time of the offense. In order to sustain the conviction for indecent

assault, the evidence must demonstrate that Miller was at least 17 years old, where P.E. was 13 years old at the time of the offense.

A defendant's age need not be proved solely by direct testimony. ***Commonwealth v. Miller***, 657 A.2d 946, 947 (Pa. Super. 1995) (finding circumstantial evidence sufficient to prove appellant's age where victim identified appellant at trial, jury observed appellant, and evidence was presented that appellant had prior marriage resulting in two daughters). The jury's opportunity to observe a defendant can provide evidence of his age and the defendant's personal appearance does not have to be offered into evidence as an exhibit for the jury to consider such evidence. ***Id.*** (citations omitted).

Here, the jury had the opportunity to observe Miller during his testimony and throughout the trial. Moreover, not only did P.E. testify that Miller was "like a father" to her, N.T. Trial, 5/17/23, at 33, Miller himself stated that he had been "a father figure" to P.E. ***Id.*** at 53. Miller further testified that he works, "trying to make a life for [him]self." ***Id.*** at 54. Finally, Miller stated that he has a ten-year-old daughter. ***See id.*** at 56. In light of the foregoing, we conclude that there was adequate circumstantial evidence from which the jury could infer that Miller was over eighteen years of age at the time of the events.

Judgment of sentence affirmed.

Kunselman, J., Joins this Memorandum.

Colins, J., Notes his Dissent.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/31/2024